Brinkerhoee, J.
On the 5th day of February, 1844, Anthony Banning, senior, died, leaving a last will and testament, in which he devised certain real estate to his son, Anthony Banning, junior, the defendant in error. Shortly after the death of the testator, the will was destroyed. Proceedings were immediately instituted by the defendant in error to establish the contents of the will, and have it admitted to probate. These *329 proceedings were resisted by the co-heirs of the defendant in error, but after a period of litigation, continuing down to the year. 1854, the will was finally established and duly admitted to probate by the probate court of Knox county. Thereupon a suit to contest the will was instituted by the heirs, and resulted in a verdict and judgment sustaining it at the June term, 1857, of the district court for Knox county. The judgment of the district court was afterward affirmed in this court. Banning v. Banning, 12 Ohio St. Rep. 487.
Pending the proceedings to set up the will, and on the 18th day of October, 1846, all the other children of the testator joined as complainants and filed a bill in chancery for partition of all the real estate of which the testator died seized. 'To this bill Anthony, junior, was made sole defendant. He put in an answer and cross bill, setting up the fact that his father had left a last will, executed in due form, devising to him a large portion of the property of which partition was asked, admitting, however, that the will was not yet admitted to probate, and asking the court to protect his' rights thereunder. Some of the complainants met the cross bill with demurrers; others answered, denying the power of n, court of chancery to set up a will, and denying generally the right of the defendant to the relief prayed by him. At the October term, 1847, and pending'a motion to probate the will, the court made a decree of partition, appointed commissioners, etc., to set off the share of young Anthony, only. At the November term, 1848, the commissioners having made their return, the court confirmed the same, and made the usual decree in such cases.
After the probate of the will, and the verdict' and judgment in the district court sustaining it, the defendant in error brought various actions of ejectment against parties in possession of the premises devised to him. The plaintiff in error is one of the parties thus sued, he claiming title to the lot in controversy under a conveyance from one of the heirs at law. Upon the trial in the common pleas, the record in the chancery proceeding fcr partition was offered in evidence as a bar to the suit of young Anthony. The court held that the record furnished no defense to the action, and gave judgment for the *330 plaintiff below. Tbe case was taken in error to tbe district-court, where tbe judgment of tbe common pleas was affirmed. It is now sought to reverse tbe judgment of tbe district court; and it is assigned for error that tbe court of common pleas and tbe district court erred in bolding that tbe record and decree in tbe case in partition afforded no defense to this action.
Eor tbe plaintiff in error, it is insisted in argument, that tbe defendant in error is estopped by tbe decree in partition, to which he was a party, and which remains in full force, to claim title to those portions of tbe estate therein decreed to bis coheirs ; and whether this be so, is tbe governing question in tbe case.
Several incidental questions are made and discussed by counsel, as to tbe effect upon title, of judgments and decrees in partition; as to where tbe title vests between tbe time of tbe death of the testator and tbe probate of bis will, or whether tbe same remains in abeyance, but none of which, in tbe view we take of tbe case, is it necessary for- us now to decide.
In considering tbe principal question, it .is, in the first place, very obvious that tbe decree in partition can not operate to bar or estop tbe defendant in error from setting up any title to tbe premises in controversy, except such as existed in him at tbe time that decree was rendered; it can not preclude him. from asserting a new and independent title subsequently acquired. 2 Smith’s L. C. 676, and cases there cited. Taylor v. McCrackin, 2 Blackford, 261. Nor can tbe fact that tbe decree in partition ordered deeds of release to be executed interchangeably between tbe parties to it for tbe portions of tbe estate of their ancestor respectively assigned to them, and, in default of compliance with that order, that tbe decree itself should operate as such releases, make any difference ; for “ a conveyance, without warranty, works no estoppel to tbe grantor who afterward acquires title.” ’ Kinsman v. Loomis and Wood, 11 Ohio Rep. 475.
2. In tbe second place. When tbe proceedings in partition were had, tbe defendant in error bad no title to tbe premises in controversy, unless it was by inheritance from tbe testator. In this suit be claims title as devisee under the spoliated will *331 now at length restored and admitted to probate. That this ia a new title, acquired subsequent to the decree in partition, and never passing to the defendant in error until the spoliated will was established and admitted to probate, is clear from the express words of the statute in force from a time' prior to the making of the will to the present. Section 33 of the “ act relating to wills,” 1 Curwen’s St. 689, is as follows:
“No will shall be effectual to pass real or personal estate, unless it shall have 'been duly admitted to probate or record, as provided in this act.”
This statute is express and clear. It seems to us that neither construction nor comment can make it more so. By virtue of its provisions the estate did not pass to the devisee under the will until probate. Until then, whatever other title he may or may not have had, he had none as devisee under the will. And wherever the title may in the meantime have vested, or whether the same may have been in abeyance, and whatever effect the doctrine of relation may have on the rights and liabilities of parties after the vesting of his title as devisee, can have no effect against the express provision of the statute. And this disposes of the case.
Judgment affirmed.
Peck, C.J., and Scott, Ranney and Wilder, JJ., concurred.